| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:97-cr-36 -11 |
| ) | *Edgar* |
| RICHARD STEVE COFFMAN ) | |

**MEMORANDUM AND ORDER**

On December 6, 2005, defendant Richard Steve Coffman Johnny ("Coffman") filed a *pro se* motion for modification of his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Court Doc. No. 304]. After reviewing the record, the Court concludes that the motion will be denied as frivolous. Coffman is not entitled to any relief under 18 U.S.C.§ 3582(c)(2).

**I.    Facts**

This Court entered the judgment of conviction against Coffman in April 1998. [Court Doc. No. 223]. Coffman took a direct appeal. On February 23, 2000, the Court of Appeals for the Sixth Circuit affirmed the judgment of conviction and dismissed the appeal. *United States v. Gordy and Coffman*, 208 F.3d 215 (Table, text at 2000 WL 245478 (6th Cir. Feb. 23, 2000)).

On January 12, 2005, the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Coffman's criminal case was not pending on direct review in any federal court when *Booke*r was decided.

On January 5, 2005, Coffman filed a *pro se* motion in this Court seeking collateral post-conviction relief pursuant to 28 U.S.C.§ 2255. The § 2255 proceeding was assigned Civil Case No.

-1-

1:05-cv-9. On April 26, 2005, this Court denied Coffman's § 2255 motion as time-barred by the statute of limitations. *United States v. Coffman*, 2005 WL 1118033 (E.D. Tenn. April 26, 2005).

In the aftermath of *Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621, Coffman filed the instant *pro se* motion on December 6, 2005, for modification and reduction of his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Court Doc. No. 304]. Coffman does not cite or rely on a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") adopted by the United States Sentencing Commission. Instead, he merely cites *Booker*.

## II. Analysis

Coffman raises two questions: (1) Does the Supreme Court's decision in *Booker* effectively constitute a "clarifying amendment" to the United States Sentencing Guidelines which may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to modify the sentence of a federal prisoner; and (2) Assuming that *Booker* can be made retroactive pursuant to 18 U.S.C. § 3582(c)(2), should Coffman's sentence be reduced due to alleged errors which he claims violate his rights protected by the Sixth Amendment to the United States Constitution as defined in *Booker*.

The *Booker* argument raised by Coffman is not novel. Coffman is not the first federal prisoner who has attempted to obtain collateral post-conviction relief by making a motion for modification of sentence under 18 U.S.C. § 3582(c)(2) predicated on the flawed theory that *Booker* should be retroactively applied as an "amendment" to the Sentencing Guidelines. Coffman's motion fails for the following reasons.

18 U.S.C. § 3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

United States Sentencing Commission pursuant to 28 U.S.C. § 994(o), the Court in its discretion may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if such a reduction in sentence is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement in U.S.S.G. 1B1.10(a) provides that where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Sentencing Guidelines listed in U.S.S.G. § 1B1.10(c), then a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). However, if none of the amendments listed in U.S.S.G. § 1B1.10(c) are applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is not authorized. The amendments to the Sentencing Guidelines which may be applied retroactively under 18 U.S.C. § 3582(c)(2) are specified in U.S.S.G. § 1B1.10(c).

Coffman does not rely on an amendment to the Sentencing Guidelines which has been adopted by the Sentencing Commission and is listed in U.S.S.G. § 1B1.10(c) as being retroactive. In the absence of an applicable retroactive amendment to the Sentencing Guidelines adopted by the Sentencing Commission, this Court lacks the jurisdiction and authority to grant any relief to Coffman under 18 U.S.C. § 3582(c)(2).

The gist of Coffman's argument is that *Booker*, which makes the United States Sentencing Guidelines advisory, changed the sentencing scheme in such a way as to justify a modification and reduction of his sentence under 18 U.S.C.§ 3582(c)(2). Instead of relying on an applicable retroactive amendment to the Sentencing Guidelines adopted by the Sentencing Commission as

required by 18 U.S.C. § 3582(c)(2), Coffman improperly seeks relief based on a retroactive application of *Booker* by arguing that *Booker* is in effect an "amendment" to the Sentencing Guidelines for purposes of 18 U.S.C. § 3582(c)(2). This he cannot do. Coffman's effort to incorporate the *Booker* holding into his § 3582(c)(2) motion fails.

Coffman cannot utilize the Supreme Court's decision in *Booker* to obtain relief pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is strictly limited to situations where a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and the policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.10(c) make its amendment retroactive. By its plain language,18 U.S.C. § 3582(c)(2) is not implicated and triggered by *Booker*. *Booker* is not the same as or equivalent to an actual amendment of the Sentencing Guidelines adopted by the Sentencing Commission. In sum, Coffman is unable to meet the threshold condition for invoking § 3582(c)(2) merely by asserting *Booker*. 18 U.S.C. § 3582(c)(2) is not a statutory vehicle for advancing claims for post-conviction relief based on *Booker*. *United States v. Sanchez,* 2005 WL 1798284 (3rd Cir. Aug. 1, 2005); *United States v. Joseph,* 130 Fed. Appx. 357, 360, 2005 WL 1038766, * 3 (11th Cir. May 4, 2005); *United States v. Privette*, 129 Fed. Appx. 897, 899, 2005 WL 995951, * 1 (5th Cir. April 29, 2005); *United States v. Cooper*, 2005 WL 1606363 (D.D.C. July 1, 2005); *United States v. Culp*, 2005 WL 1799252 (D. Kan. June 30, 2005); *United States v. Durr*, 2005 WL 1318836 (S.D. Ohio June 1, 2005); *United States v. Hall*, 2005 WL 1176049 (E.D. Pa. May 17, 2005); .

Even if we assume *arguendo* that *Booker* could be characterized as an "amendment" to the Sentencing Guidelines within the ambit of 18 U.S.C.§ 3582(c)(2), that *Booker* "amendment" would not result in a lowering or reduction of the guideline range applicable to Coffman as required by §

3582(c)(2) before a sentence may be retroactively modified. *Booker* itself does not lower the sentencing guideline range applicable to a defendant based on his criminal offense. Rather, *Booker* holds that federal judges are no longer bound by that guideline range. *Booker*, 125 S.Ct. at 757. After *Booker*, a sentencing court must consider the guideline ranges, but the guidelines are advisory and the court may "tailor" the sentence in light of other statutory concerns as well, see e.g. 18 U.S.C. § 3553(a). *Id.* Because *Booker* does not lower or reduce any guideline ranges, *Booker* cannot afford any retroactive relief to Coffman under § 3582(c)(2). *Cooper*, 2005 WL 1606363; *cf. United States v. Smith*, 88 Fed. Appx. 71, 73, 2004 WL 259228, * 2 (6th Cir. Feb. 10, 2004) (Holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not affect sentencing guideline ranges and does not afford any relief to federal prisoners under 18 U.S.C. § 3582).

There is another reason why *Booker* is not applicable here. Coffman's criminal case was not pending on direct review in any federal court when the Supreme Court rendered its decision in *Booker*. It is well settled that *Booker* is not to be applied retroactively in collateral proceedings, including motions by federal prisoners for post-conviction relief under 28 U.S.C. § 2255. The holding in *Booker* applies only to cases pending on direct review at the time *Booker* was decided. *Booker*, 125 S.Ct. at 769; *United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1186-88 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir.), *cert. denied*, 126 S.Ct. 288 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 2005 WL 1671557, 74 U.S.L.W. 3207 (Oct. 3, 2005); *Hill v. United States*, 2005 WL 2060804, * 6 (E.D. Tenn. July 25, 2005); *Tramble v. United States*, 2005 WL 1421618 (E.D. Tenn. June 15, 2005).

If this Court were to accept Coffman's specious argument that a federal prisoner can make

-5-

a motion for modification and reduction in sentence under 18 U.S.C.§ 3582(c)(2) based on *Booker*'s general effect on the Sentencing Guidelines, then anyone could utilize *Booker* retroactively to move for a sentence reduction under § 3582(c)(2). This would essentially make *Booker* retroactive through the guise of § 3582(c)(2) motions by federal prisoners. This is not what the Supreme Court intends in *Booker*. This District Court cannot allow such a retroactive application of *Booker* under 18 U.S.C. § 3582(c)(2). *Durr*, 2005 WL 1318836; *see also United States v. Mitchell,* 122 Fed. Appx. 539, 2005 WL 387974 (2nd Cir. Feb. 18, 2005); *Hall*, 2005 WL 1176049. The Supreme Court and the Court of Appeals for the Sixth Circuit have not authorized this District Court to apply *Booker* retroactively to any motions by federal prisoners seeking modification of sentence under § 3582(c)(2).

### III. Conclusion

Defendant Coffman's motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a modification and reduction of his sentence of imprisonment [Court Doc. No. 304] is **DENIED**.

SO ORDERED.

ENTER this *12th day of December, 2005*.

                                        */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE